Please call the next pitch. Good afternoon, Justices and Counsel. May it please the Court, Elizabeth Capaletti on behalf of the Appellant Employer Committee. It is my great pleasure to introduce Mr. Bob Red Remodeling, Inc. It is respectfully submitted that the Commission erred in denying the employer's petition pursuant to Section 19D of the Act. Regarding the standard of review, I believe a two-step analysis is appropriate, as was taken by this Honorable Court in Jacobo. Before we get into that, Ms. Capaletti, is there any jurisdictional issues here? I don't believe so, but I will address those. The bond issues, if you want me to start with that, I'll be happy to. I believe one is the bond issue and the other is the consolidation issue. Correct. So relative to the bond issue, I would respectfully submit that the employer filed an effective bond, and the Circuit Court erred in dismissing Case No. 12L-50727. Just so I understand, that's the appeal that you filed? That's correct. That's the appeal I filed. So your issues you raised in your appeal in the Circuit Court were not decided? Not through your appeal? Not through my appeal. Yes. So, no, not through my appeal, but I think I addressed that in the brief, that this Court has been always clear that there is but for one writ of certiorari before the Circuit Court, and when you bring a writ of certiorari before the Court, the Court has been clear on that, that there's nothing in the case law that requires cross writs of certiorari. And, in fact, if, say, I bring an appeal up and I then decide that I no longer want to prosecute the appeal, my opposing counsel can object and continue forth with that appeal. And, actually, when I was arguing before the judge, I was very clear and certain with him that he was not dismissing the other appeal, because I was going to object to that being dismissed, because I would have taken over that appeal at that point. And what issues did the claimant raise in the Circuit Court? Specifically in the Circuit Court, I believe that the – you know, I'm not quite 100 percent certain what specific issues he raised in the Circuit Court. I believe they were relative to – They weren't the same issues you raised. No, absolutely not. They were not the same issues I raised. So you're saying, you know, the claimant can file an appeal, say, just on the issue of penalties. Correct. And that opens you up to argue in the Circuit Court causal connections. Correct. Anything you want to. That's correct. Even though you didn't file an appeal. That's correct. And that's – And then bring those issues up here. That's correct. That is what the case law states. It says that there is but for one writ of certiorari. And it was never contemplated that cross appeals should be taken by the parties. Now, do I think you have to raise it at some point before the Court and say to them, hey, I'm also bringing up these appeals now, you know, now that this writ is before you? Absolutely. I mean, I don't think there's any question. I think that they were certainly raised before the Court, and the Court was well aware of the issues that I was raising. But the case law – I mean, this Honorable Court has stated it, the Supreme Court has stated it. There is just one writ of certiorari, and it says that in the Act, that once you bring up the writ of certiorari, all issues are before the circuit court judge. So there can be no forfeiture by failing to raise an issue in the circuit court. We didn't mean there could be no – No, I mean, you know, you could not raise an issue before the Commission, and you're just kind of tagging along with the claimant filing appeals. You never raise any issue before the Commission, before the circuit court, but then – Well, I think that's – You pop up here in the appellate court and you argue causal connection, and then you never raise that issue. No, no, no. I disagree with – no, I mean, I think that – I'm just asking. No, no, no. I think the case law is different about that. Waiver, I think, is different than a forfeiture, and waiver is a judicial construct that you can always say, no, I think you've waived this argument. You didn't bring that up. And I do think – I mean, I think the rules are different at the different stages. At the Commission, you know, you can – there is one petition for review. You don't necessarily – By statute, before the Commission, all issues are before the Commission. That's correct. And by statute, all issues are before the circuit court. I mean, that's what the statute says. Can you point that out to me? Oh, sure. Let's see. Appeals. Let's see. I don't want you to use all your time. Okay. And silence here. But I'm just wondering where that is. You know what? If you don't mind, I will find it for you, because it's actually in my brief when I sit down and when I respond. Can we go back to the other two thresholds? Sure. I take it that you're saying – I mean, Bob Redlinsky executed the bond when he first assigned it with his name and no reference to corporate authority. Then he filed an affidavit. Is your position that that cured the bond issue? Is that – That's correct. So, I mean, the case law is clear that an individual with the appropriate corporate status and who has the ability to financially bind the company must sign the bond. And, I mean, that's what the statute requires. And in First Chicago, it was stated that there needs no designation needs not be on the bond. I mean, it just – it said the better practice is to have that designation on the bond. I don't think that there was an affidavit. Yes. And so when the bond was challenged, an affidavit was presented that said, you know, I am Bob Redlinsky, I am the president of this corporation, and I have the authority to financially bind the corporation. And that affidavit was, in fact, presented. Let me ask you another question that potentially bears on our jurisdiction. Sure. Both you and the claimant sought review in the circuit court independently and the cases were consolidated, correct? Correct. In order of disposing of your appeal, it makes no mention of the claimant's appeal. I don't find an order resolving it. What happened? Relative to the claimant's appeal? Yeah. What happened to it? Well, it was not dismissed. That's what – pardon me? Yours was dismissed, but there's nothing specifically addressing his appeal? No, I believe that was in the order. I'll be honest with you, that was kind of after the fact, after we had finished arguing all of the matters. Let's see. Well, I guess in a sense it just says the court affirms the decision of the commission. Well, here's my question. Is it affirming the decision of the commission that were challenged by the claimant since he had the only remaining appeal that was still standing before the circuit court? No, I don't believe that. I mean, I think he was affirming – I mean, the judge was affirming the entire decision of the commission. I mean, because I'm getting back to, you know, I asked you earlier what issues did the claimant raise. I mean, if those were the only issues that were – I mean, your appeal was dismissed. Correct. If the only issues before the court are the claimant's issues, and he said, I affirm the commission, why wouldn't we read that as the issues raised by the claimant? Well, because the order by the court is clear, is that they are affirming the commission's decision, which by and of fact means all of its decision. It's not just – we don't just affirm on – I mean, they affirm – No, I – Do you want to do that? No, I – no, and I don't believe that's – that's not their job. I agree with you. I'm saying that when the record comes before them, it's the whole record that's before them, and then it's the issues that are raised by the parties. It seems to me like if your appeal was completely dismissed, the only issues that were before the circuit court were the ones raised by the claimant. That's what's going on here. And I'm having a hard time understanding how you're up here appealing anything other than the bond issue. And that's why I was clear with the circuit court when he – when I said to him, are you also dismissing claimant's appeal? I mean, I asked him that question. I said, are you dismissing claimant's appeal? Because if he had said, yes, I am dismissing it, you know, I am going to dismiss it, I would have objected because the case law says at that point I can take over the appeal, that he cannot dismiss his appeal if I object to that. Did you cite any of that case law in your brief? Yeah, I did cite to that in the case law in my brief. I believe I did. If I didn't, I apologize. It is – at that point, it's the whole record that's out there. It says – it's – and I say it, and this is Muriel, which is this Honorable Court's decision. I'm looking in my brief. When one party sues a writ of certiorari. Oh, I'm sorry. Page 50. Okay. When one party sues out a writ of certiorari, the entire record is brought up for review. It clearly was never intended that cross-writ of certiorari should be necessary and for the other party to reserve his rights to object to any questions arising on the record or involved on the decision reviewed. The same sentence was expressed by this Court in Hurt following the procedural changes in the Act designating it a written request for issuance of a summons rather than a writ for certioraris. The summons issued to the commission upon written request of the instant claimant brought the circuit court the employer's objections to the commission's award. It's not that the claimant is contentious to the contrary or without merit. It's when you serve out the writ of certiorari, you bring the entire record before the court. Before what court? The circuit court. Okay. So then your appeal gets dismissed, right? Your case got dismissed by the circuit court. Correct. Which I don't believe it should have. What happened to the claimant? Did he take an appeal here? His appeal still stood. I mean, that's why I verified that. Where's your 304A finding? Pardon me? Where's your 304A finding? You would have needed a 304A finding to make the order appealable. There is none in the record, and therefore, where's our jurisdiction? It's a final judgment by the circuit court, so I don't want to ask those. Those are not the spalls of all claims, as you said. The claimant's appeal is still pending, and you have a right to take it over. Those are claims. They're still pending, and there's no 304A finding. The fact that the order dismissing your appeal may be final, it's not appealable. It's not appealable because there are claims still pending. There are multiple claims below. I would disagree with that, because I think that the order from the circuit court stated that it affirmed the commission's decision in its entirety. Except there's still an appeal pending by you that's attacking the commission's decision, is it not? There's an appeal by the claimant attacking the decision, and the circuit court has never said it dismissed the claimant's appeal. No, it didn't dismiss a claimant's appeal. I mean, it left it standing. And your argument is when one party sues out a writ of certiorari, the entire record is brought up for review. Correct. Never intended there to be cross writs. Correct. It should be necessary for the other party to reserve his right to object. Any questions arising out of the record? His appeal still pends. Where's your 304A finding? The circuit court's handwritten order. Correct. Lists both docket numbers on it. That is correct. So it would seem the circuit court did decide both appeals. That's correct. When I spoke to the judge, I made sure both numbers were on there, that he wasn't dismissing the other appeal, and then I was objecting. If that appeal still pends below, in the next breath tell us that the circuit court disposed of it. I'm not saying it still pends. I apologize if that's what I'm saying. I'm not saying it still pends below. I'm saying it was all resolved at the time that the circuit court entered its order. It resolved both. Well, then what's this whole discussion about you being able to take over his appeal? What's this all about? Well, that discussion was that that appeal was not dismissed, that it was in fact ruled upon, and that the circuit court judge confirmed the commission of the decision. Whether it emanated from my filing of the circuit court appeal or whether it emanated from the claimant's filing of the circuit court appeal, all the issues were before the circuit court judge. The circuit court judge ruled and affirmed the decision of the commission. That's final and appealable. So whether the notice of appeal emanated from the dismissed L member or whether it emanated from the claimant's L member, I thereafter brought it up appropriately and then raised the issues before this Court, which had always been raised before, so there was no waiver. So are you saying by the Court's order, by implication it ruled on the plaintiff's claimant's appeal to the circuit court, is that what you're saying? I mean, I don't think it's implication. It says the Court hereby affirms the decision of the commission. I mean, it affirmed the entire decision of the commission. I mean, it's straightforward. It affirmed the commission's decision. So at that point, that's a final judgment. Whether that final judgment is from my L member or from the claimant's L member is what I'm saying. What does the first paragraph of the trial judge's order say? Pardon me? What does the first paragraph of the trial judge's order say? This matter coming before the Court on argument, off and motions, due notice having been given, the Court having been heard oral argument and being fully advised in the premises. What motions? There was only one motion, and that was to dismiss for wanted jurisdiction, wasn't it? How many motions were there? Correct. That was the motion. We ---- I'm still having a hard time. Because let's say, clearly, if the claimant had not filed an appeal at all in the circuit court, and you filed the only appeal, but then your appeal was dismissed for lack of jurisdiction, none of your other issues would have been decided, and you wouldn't be able to appeal those issues to this court, because they weren't decided because your appeal was dismissed. But you say, if the claimant files, you know, cross appeal or also files an appeal to the circuit court on any issue, even if your appeal is dismissed, then you still preserved your And we just forget about the fact that your appeal was dismissed. I mean, if we get past that, I mean, if we think the circuit court was wrong, we don't remand it to the circuit court. We just go ahead and decide all the issues that he never addressed on your appeal because your appeal was dismissed. That's correct, because I ---- and I know you're looking at me with some ---- Well, it's kind of an unusual ---- No, no, no. I'm not saying that the circumstance is not an unusual circumstance. But I'm saying let's assume that the claimant just filed a writ of certiorari. I myself, as the employer, could come in and advise the court of any issues that I felt needed to be addressed by the court. I don't need to file my own writ of certiorari to do that, because only one writ goes before the court. So that gets you to the circuit court, right? How do you get up here? Correct. Well, I get up here because the circuit court, it did in its order dismiss my ---- I mean, it says it dismissed my appeal, which I again think was inappropriate. And it also confirmed the decision of the commission under ---- Against him? Not against him. It confirmed the entire decision of the commission under the second L number. That's a final and appealable order. And that's how under either ---- Well, the circuit court must have ruled against the claimant on something, because the claimant was up when something changed. Why would he be filing the appeal? We'll have to ask him. Apropos that. Thank you. Good afternoon. May it please the Court. Ms. Cappelletti. Ms. Cappelletti is correct about basically one thing in this case. I'm sorry. My name is Matt Belcher, and I represent Zenon Lemansky. So before you get into the glorious argument about other issues, tell us why we have jurisdiction. You heard all the questions I asked. Ms. Cappelletti is correct about only one thing in this case, and that's that the circuit court took into consideration the merits of both her appeal and my appeal. And this is best memorialized if we read actually paragraph 3 of the order. Just for the sake of clarity, my motion or my administrative review petition had to do with the failure to award penalties. I'm sorry. Failure to award penalties. Okay. Ms. Cappelletti's motion had to do with the abuse of discretion for not terminating benefits pursuant to 19D, as well as the manifest weight argument that she makes, I think, ineffectively. But we know that she's correct in the sense that the circuit court took into consideration these issues because of subparagraph 3. Court finds no abuse of discretion in the denial of respondent's motion to terminate benefits. I didn't bring that on appeal. Ms. Cappelletti brought that on appeal. She said that it was, in fact, if a ---- So did you answer her question as to whether or not we have jurisdiction? We have jurisdiction. What did you appeal? I appealed the failure to award penalties, and the failure because in 2005, the If we look at Ms. Cappelletti's brief on page 19, ironically, it says here that she filed a motion to suspend temporary total disability benefits pursuant to section 19B of the Elderly Workers' Compensation Act. Yes. She filed a reverse 19B. A reverse 19B provides that ---- No, wait a minute. Wait a minute. Let's not get off the penalty business. When did they deny the penalties that you wanted? When did that arise? I don't know the date, but it was denied by Commissioner Perserta. And what does that have to do with her termination, her motion to terminate benefits? Section 19B of the Act was amended, and it provides as follows. The respondent is entitled to bring their own ---- We understand that. Was your motion for penalties in response to her motion to terminate benefits, or did it relate to her termination of benefits without a court order? The second. I was awarded ---- my client continued to be paid TTD benefits. Right. We had a trial. She brought a reverse 19B. Okay. In order to have a reverse 19B, the employer must continue to pay compensation until there's a final order. When I got the order from Arbitrator Cronin that denied their petition, they stopped paying my client benefits. He hasn't been paid since 2011. This is their injurious practice argument? Is that what it is? Right. So where did the court dispose of your question of whether you were entitled to penalties or not? I filed two separate petitions for penalties subsequent to the trial, both of which were denied, and both of which were ---- Where did, in this order, the trial court dispose of your issue contending that you were entitled to penalties? Did it? It says the court hereby affirms all findings of the commission. And then it says the court finds no abuse of discretion in the denial of respondent's motion. So the court did not ---- They never ruled on your penalties. They denied it. Where? By implication. It has to be by implication because it certainly isn't here. Was it argued? It's in the appendix. It's contained in the respondent's, in the employer's brief. There's an indication. I filed two petitions for penalties, both of which were denied. And the court never said that the claimant's petition for penalties is denied. It could have and probably should have said that, but it didn't. So you and Ms. Capilouto are reading by affirming the commission on all issues. By implication, again, it affirmed the commission and denied your request for penalties, right? Yes. We both filed competing ---- No, no, we understand what you did. Let's not confuse this any more than it's already confused. Yes, Judge. When you argued this motion, did you argue your appeal vis-à-vis penalties in front of this judge? Yes, Judge. You argued it to him? Yes. How do you rule? He affirmed everything, all the commission's findings. And he specifically found no abuse of discretion in denying respondent's motion. The denial of the respondent's motion has nothing to do with it. Well, it has to do with it because that was only contained in her. That's how I know that you did it. Counsel, it has nothing to do with the question of whether the court addressed your appeal for the denial of penalties. You filed a petition for denial of penalties or a petition for penalties after they stopped making payments subsequent to the denial of their request to terminate. Is that correct? Yes, Judge. So the question of whether you were entitled to penalties or you weren't entitled to penalties has nothing whatever to do with the question of whether their appeal was finding that the court ---- there was no abuse of discretion in denying their motion. The question becomes, if after their motion was denied, were you entitled to penalties because they didn't pay your bill or didn't pay your TTD? And what I'm asking for is did the court ever address it? And if so, where did they dispose of it? It's not addressed in the written order other than to affirm all findings. But you argued it. We argued everything. You asked for penalties and the court came back and responded with all rulings of the commission are affirmed, basically. Yes, Judge. Ms. Capoletti made the same argument that once one of us files for administrative review, it vests the circuit court with jurisdiction to consider all issues. Our concern is did the court specifically hear and rule on your petition for penalties, and you're telling us they did. It's my understanding that I was there, that they did. But there was no oral pronouncement. You're just saying that what we see here is what you're saying the judge did. Yes, and I just wrote that. Simply in written form. Right. Okay. All right. What about this? Are you here on any other issues, then? Sure. Me? No. I'm going to go sit down. No, I'm just kidding. If you want me just to touch. So you never appealed the denial? I did not. So you're really not. Of course, for penalties. I did not. Okay. But if you would like me to address the merits of her appeal. Go ahead. Just very briefly, we have a couple of ‑‑ everybody has the right to file an appeal. But the best way to think about this case is they put all their eggs in the basket of the basket that's named, my neurologist is smarter than your interns. And when the commission didn't buy it and that basket fell and crunched, never again are we going to be able to put those pieces back together again. Because the commission ‑‑ we have a gentleman who fell off of a roof, has a vestibular disorder, traumatic brain injury, frozen shoulder, torn meniscus, no injury, no transferable skills, of advanced age, cannot be left alone for long periods of time, according to their neurologist. He needs assistance showering and bathing and he can't work on roofs or heights and needs a home health care aid, according to their neurologist. So what's the proposed job market for this person if we get his depression managed, which is the only treatment that their neurologist says he needs? And I submit to you that there isn't one. With regard to this idea that 622 provides what the affidavit has to contain and you have to have a person of the same field, an MD versus an MD, and be familiar with the standard of care. Well, that has nothing to do in the applicable case, and as a matter of fact, in Walsky versus Tisinga, ruled that if there's gross malpractice, you don't even need a medical malpractice expert. In any event, as you know, the question is whether or not there's competent evidence in the record to support the commission's decision. And who's Helma's? Ms. Helma is a vocational rehab counselor. She is not a medical provider. She is not qualified to issue medical opinions, and despite the same respondent wants us to rely on her ideas regarding medical treatment as opposed to the actual board certified expert. She testified a stable labor market did not exist for the claimant, correct? Yes, Judge. Even if the depression was managed and he was neurologically normal, because he had a frozen shoulder, poor meniscus, gait instability, their neurologist says the guy can't be left alone for long periods of time and needs home health care. Was there a functional capacity evaluation done? There was, Judge. And what did that find? One said sedentary, which was part of the record, and one said less than sedentary, which was not part of the record. Okay. So you're arguing there's clearly competent evidence to support the commission's decision on that issue. Commission's filing page 23 of a 25-page decision by single space, by the way, by Arbitrator Cronin. The petitioner subsequent to this accident was never offered any job at any level of functioning by respondent. Respondent failed to comply with 7110.10, despite the evidence that the petitioner was not returning to his prior occupation. Respondent failed to offer any evidence that petitioner is now or any time in the future could be gainfully employed. Respondent offered no evidence of the existence of a labor market for the petitioner either now or subsequent to the successful completion of all proposed treatment. Respondent offered no evidence of a proposed labor market survey or the existence of an occupation for the petitioner in a stable labor market, should the treatment plan be accepted. Dr. Zolman, the neurologist, her understanding of a total care patient is one who cannot feed themselves, one who needs help to go to the bathroom, needs to be turned in bed and needs constant supervision. Court said Dr. Zolman does not apply the standards set forth in 8F. Section 8F requires a finding that Mr. Lemonski is medically unable to return to any job. That's not the same standards set forth by Dr. Zolman, their neurologist, in the determination that Mr. Lemonski is not fully disabled. This is a vital point, the decision says. Dr. Forrest, who is occupationally trained, speaks the language of the Workers' Compensation Act, whereas Dr. Zolman seems to suggest that a person basically needs to be bedridden in order to be in 8F permanent total. This is inconsistent with both the Act and the law. The arbitrator finds, Dr. Zolman went on to say that, theoretically, once we complete this depression, we might be able to put him into a supported employment model, which is where they take people with disabilities and put them to work at less than minimum wage. This is not, that's not a stable labor market, it's not an identified occupation, and it's not the type of work that a person would expect to be paid to do. Thus, the vocational rehabilitation counselor came in and said, this gentleman, even if he's neurologically normal, there's no stable labor market for this person based upon his age, his transferable skills, his physical limitations, his age, et cetera. So we find ourselves in a situation where the defense of the case is, no, no, no, my neurologist is smarter than your occupational medicine doctor, and I respectfully submit that the Workers' Compensation Commission did not decline to find their neurologist to be smarter than my occupational doctor, and as such, we found ourselves with Mr. Lomansky in need of his permanent total disability benefits. Thank you. Thank you, counsel. Counsel, you may reply. So, Justice Stewart, to respond to you, it's in section 19F1, it's in the first paragraph at the very last, and it says, the circuit court of the county where the accident occurred shall by summons to the commission have power to review all questions of law in fact presented by such record. So it... The power to review... Right. It mirrors that as well as, you know, is the commission that they have all powers once a petition for review as well as the transcript is filed before him. The whole record comes before them. So I just very briefly want to hit on my argument. I never filed a reverse 19D. That was not what was filed. I filed a section 19D. 19D is a separate section of the act that invests discretion in the commission to suspend or reduce compensation when the claimant fails to cooperate with reasonably essential medical treatment to promote his recovery. Let me ask you a question. There was never a 19D. Assuming you're correct about that, I think you are. Do we announce a rule of law here that says if the claimant follows the recommendations of this critic physician, he's engaging in injurious practices because the respondent's doctor thinks he should do something else. Can you see the dilemma there? I see your dilemma. But first, it's not injurious practices. They're two separate prongs. 19D invests the commission to look at injurious practices, which is a proactive. They're doing something to hurt themselves. 19D also says there's a second prong. That is, if you don't cooperate with medical care that's reasonably essential to promote your recovery, the commission can suspend or reduce compensation. Well, his position is he obviously is because he's following the recommendations of his treating physician. How could he not be cooperating with reasonable medical treatment? And so my entire brief, and I'm sure you will review that, is that Dr. Foray may be a doctor and that he's licensed, but he's not an expert. And he was never qualified to provide testimony as it related to traumatic brain injuries. So what is a reasonable claimant supposed to do, go out and start cross-checking all the credentials of his doctor? It's not checking credentials. This was the employer in this case for three years offered treatment over and over and over again with traumatic brain injury specialists. We provided claimant's request, we provided names of doctors that were outside of the Rehabilitation Institute of Chicago, which is where Dr. Zolman came from, who was the head of the Traumatic Brain Injury Center there. This was a case where the employer spent three years trying to get appropriate treatment to the claimant with a traumatic brain injury specialist. This is not a broken toe. This is not, you know, not a hurt hand. This is a very tragic injury that needs very specialized treatment. And by the end of all of this, at the trial date, on the trial date, Dr. Zolman had recommended that he needed psychiatric care as well as care with a neurorehabilitation behavior therapist. Dr. Weigart, who was the neurologist that Dr. Foray had recommended that the claimant go see, her and her last visit with him recommended that he be evaluated by a neurorehabilitation specialist as recommended by Dr. Zolman and recommended psychiatric care. Were you saying that Foray's treatment was not appropriate? It's not appropriate. It's not competent. He did not lay any expertise for treating someone or providing expert opinion when it came to traumatic brain injuries. It's not competent evidence, is what I'm saying, that no weight should have been afforded to it. And at the time of trial, every other ---- I'm not talking about the issue of whether or not the claimant should have followed Zolman as opposed to Foray's, okay? The issue is not whether one doctor's credentials or course of treatment is superior. It's whether the claimant's behavior was reasonable, correct? That is correct. All right. And it's certainly reasonable for him. I mean, the act does call for different divergent views and having a reasonable and it's certainly reasonable for him to want to treat with Dr. Foray's. But that doesn't mean that the employer should have to pay for it. And that's what the 19D petition was saying, that you can reduce or suspend compensation because there is all this treatment out there that is available to a very specific injury, a traumatic brain injury that has been offered over and over and over again by the employer. So you made the same compelling argument, it has some superficial appeal here that you made before the commission, and the commission didn't buy it. So now you are stuck with whether an opposite conclusion is clearly apparent. Even though your position may have some merit, if we don't find that an opposite conclusion is clearly apparent, you don't want an argument, correct? That's correct. I mean, you have to look at the factual findings first. And I thought manifest weight was harder than I have to get to abusive discretion. I mean, it's a discretionary thing. But that's what I want to highlight. By the end of the trial, every physician had provided an opinion that the claimant was in need of treatment with a psychiatrist and to have the neurorehabilitation treatment as recommended by Dr. Zolman. They all were in agreement of that by the end of the trial. And even, and I appreciate that Ms. Hellman is not a doctor, but she was claimant's patient, a patient's expert who said the claimant should undergo the treatment as recommended by Dr. Zolman, because then I can get a better understanding of his abilities. So every person said he needed care other than Dr. Flores. And that's why I'm saying it was unreasonable for him to not take that treatment. I'm not saying it's going to cure him. I'm just saying he should be afforded that opportunity. Your argument taking into consideration his reduced capacity? His reduced capacity is that when he testified at trial, he'd like to have some treatment if it would make him better. And all the doctors other than Dr. Flores recommended this treatment. So, yes, I mean, he did testify to that at trial. But his reduced capacity is due to the exact fact that he hasn't had any care for this horrible injury, because he's been under the care of Dr. Flores, who honestly for three years all he has done is seen him once a week and provided him with Zola. That is all he has done for three years. Nothing else other than that. And Dr. Zolman has recommended specific care, which the employer repeatedly authorized throughout this case. I mean, they authorized it. They said, look, we'll do we will pay for it. Get the speech therapy. Get the cognitive behavioral therapy. We will give you this treatment. And the claimant refused. And he refused because he's treating with a physician that is not qualified to treat traumatic brain injuries. And that is what the employer's position has always been. This isn't a broken toe. This is not a battle of the experts. It's that the claimant is entitled to this treatment. The employer has been offering this treatment. And if he doesn't want to take it, that is certainly his option to do so. But the employer should be relieved of the financial liability then. Thank you, Justice. Thank you, counsel, both for your arguments on this matter. We'll take them under a five-point original position shall issue.